|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

TIFFANY CARVER, §
§
       Plaintiff, §
§
versus §   CIVIL ACTION NO. 1:19-CV-616
§
RODRICK ATWOOD, HERMAN SMITH, §
and KEITH WATSON, §
§
       Defendants. §

## MEMORANDUM AND ORDER

Pending before the court are Plaintiff Tiffany Carver's claims against Defendants Rodrick Atwood, Herman Smith, and Keith Watson (collectively, "Defendants").

I.   Background

Carver alleges that, on or about December 9, 2017, while working in her capacity as a Corrections Officer at the Mark W. Stiles Unit ("Stiles Unit") of the Texas Department of Criminal Justice ("TDCJ"), three of her coworkers—Defendants—sexually assaulted her. Carver brought suit against the TDCJ, the Stiles Unit, and Defendants in their official capacities under 42 U.S.C. § 1983 for depriving her of her Fourth and Fourteenth Amendment rights. Carver also asserted Texas common law causes of action against Defendants.[1]

On April 1, 2020, the court entered a Memorandum and Order (#17) dismissing Carver's claims against the TDCJ and the Stiles Unit. The court held that Eleventh Amendment immunity

---

[1] Carver's pleading includes the following Texas common law causes of action: (i) reckless abuse and assault (Count 5), (ii) false imprisonment (Count 6), (iii) invasion of privacy (Count 7), (iv) assault and battery (Count 8), (v) unconscionable conduct (Count 9), (vi) negligence (Count 10), (vii) intentional infliction of emotion distress, as well as allegations of aiding and abetting and request for punitive damages.

shields the TDCJ from Carver's claims and that the Stiles Unit lacks capacity to be sued. Remaining before the court are Carver's claims against Defendants. Carver's Original Complaint (#1) states that she is suing Defendants in their official capacities, rather than their individual capacities.

II.     Analysis

A suit against an official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *Printz v. United States*, 521 U.S. 898, 930-31 (1997); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978). Thus, it is no different than a suit against the state itself. *Lewis*, 137 S. Ct. at 1291; *Printz*, 521 U.S. at 930-31; *Will*, 491 U.S. at 71 (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Monell*, 436 U.S. at 691 n.55). Therefore, "the Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *accord Mitchell v. Quarterman*, 515 F. App'x 244, 246 (5th Cir. 2012); *Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (extending sovereign immunity to the TDCJ's officers acting in official capacity), *cert. denied*, 528 U.S. 851 (1999)). The protection of the Eleventh Amendment is afforded to state officials because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Graham*, 473 U.S. at 169 (quoting *Brandon*, 469 U.S. at 471). Carver brought suit against Defendants in their official capacities; thus, Defendants are entitled to Eleventh Amendment immunity from Carver's claims.

Moreover, The Texas Tort Claims Act ("TTCA") is the only avenue for common law recovery against a Texas governmental unit for tort claims. Carver has failed to allege a valid waiver of immunity from suit under the TTCA.

The Texas Legislature enacted the TTCA to waive sovereign immunity in certain limited and narrowly defined circumstances. *See* TEX. CIV. PRAC. & REM. CODE § 101.025 ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter."); *Tex. Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020); *Harris Cnty. v. Annab*, 547 S.W.3d 609, 613 (Tex. 2018); *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014); *Dall. Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 544 (Tex. 2003). The TTCA provides:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>     (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>
>     (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE § 101.021; *accord VIA Metro. Transit v. Meck*, ___S.W.3d___, 2020 WL 3479509, at *8 (Tex. June 26, 2020); *Harris Cnty. v. Sykes*, 251 S.W.3d 635, 638 n.1 (Tex. 2001).

The TTCA waives immunity, however, for only three areas of liability: (1) claims arising from the operation or use of motor-driven vehicles or equipment; (2) claims caused by a condition

or use of tangible personal or real property; and (3) claims arising from premises defects. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.022; *accord Tarrant Reg'l Water Dist. v. Johnson*, 572 S.W.3d 658, 664 (Tex. 2019) (quoting *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002)); *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000); *Fox v. Wardy*, 318 S.W.3d 449, 455 (Tex. App.—El Paso 2010, no pet.). To hold a governmental entity liable under the TTCA for the acts of its employees: (1) the claim must arise under one of these three specific areas of liability; and (2) the claim must not fall within an exception to the waiver of sovereign immunity. *City of Waco v. Williams*, 209 S.W.3d 216, 220 (Tex. App.—Waco 2006, pet. denied); *Harris Cnty. v. Cabazos*, 177 S.W.3d 105, 109 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *accord Gordon*, 434 S.W.3d at 589. "The determination of a governmental entity's negligence will be made only after a claimant has cleared these two statutory hurdles." *Alvarado v. City of Brownsville*, 865 S.W.2d 148, 155 (Tex. App.—Corpus Christi 1993), *rev'd on other grounds*, 897 S.W.2d 750 (Tex. 1995). None of Carver's claims stem from the use of a motor vehicle nor do they involve the use of tangible personal or real property. Thus, there is no waiver of sovereign immunity.

Further, the TTCA does not waive immunity for intentional torts. TEX. CIV. PRAC. & REM. CODE § 101.057; *Quinn v. Guerrero*, 863 F.3d 353, 363 (5th Cir. 2017) (quoting *Goodman v. Harris Cnty.*, 571 F.3d 388, 394 (5th Cir. 2009)); *Gordon*, 434 S.W.3d at 589; *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001); *Jones v. Tex. Dep't of Crim. Just.*, 318 S.W.3d 398, 404 (Tex. App.—Waco 2010, no pet.). In fact, the TTCA's waiver of immunity expressly excludes intentional torts such as assault, battery, and false imprisonment. TEX. CIV. PRAC. & REM. CODE § 101.057(2)); *Gordon*, 434 S.W.3d at 594; *Nairn v. Killeen Indep. Sch.*

*Dist.*, 366 S.W.3d 229, 248 (Tex. App.—El Paso 2012, no pet.); *Cameron Cnty. v. Ortega*, 291 S.W.3d 495, 497-98 (Tex. App.—Corpus Christi 2009, no pet.); *accord Thomas v. Texas*, 294 F. Supp. 3d 576, 592 (N.D. Tex. 2018) ("The TTCA does not waive the State's immunity for Plaintiff's intentional tort claims for false imprisonment and intentional infliction of emotional distress."); *Williams v. City of Irving*, No. 3:15-CV-1701, 2017 WL 3822115, at *9 (N.D. Tex. July 14, 2017) ("Under Texas law, intentional infliction of emotional distress, invasion of privacy, defamation of character (slander and libel), and abuse of process are all intentional torts."); *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 641 (S.D. Tex. 2001) (noting that TTCA does not waive immunity for claims of intentional infliction of emotional distress or defamation). The statute provides:

> This chapter does not apply to a claim:
>
> (1) based on an injury or death connected with any act or omission arising out of civil disobedience, riot, insurrection, or rebellion; or
>
> (2) arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities.

TEX. CIV. PRAC. & REM. CODE § 101.057. "This provision shields [governmental units] from suits arising out of intentional torts committed by governmental employees and should be liberally construed to accomplish this objective." *Gillum v. City of Kerrville*, 3 F.3d 117, 123 (5th Cir. 1993), *cert. denied*, 510 U.S. 1072 (1994) (citations omitted); *see Goodman*, 571 F.3d at 394. Hence, claims arising out of assault, battery, false arrest and imprisonment, or any other intentional tort, are not actionable under the TTCA against a governmental unit or its employees sued in their official capacities. Therefore, Carver has failed to allege. much less demonstrate, a waiver of immunity under the TTCA.

Finally, punitive damages or exemplary damages are not recoverable under § 1983 against a governmental entity or its employees when sued in their official capacities. *Graham*, 473 U.S. at 167 n.13; *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding "a municipality is immune from punitive damages under 42 U.S.C. § 1983"); *McMillen v. New Caney Indep. Sch. Dist.*, 939 F.3d 640, 647 n.1 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2803 (2020) (stating that punitive damages are not available against a governmental entity for constitutional violations); *Gil Ramirez Grp., L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 412 (5th Cir. 2015). Moreover, the TTCA "does not authorize exemplary damages." TEX. CIV. PRAC. & REM. CODE § 101.024; *Meck*, 2020 WL 3479509, at *9 n.16; *Fairfield Ins. Co. v. Stephens Martin Paving, LP*, 246 S.W.3d 653, 682 (Tex. 2008). Consequently, punitive damages are unavailable under the causes of action that Carver asserts against Defendants.

III.   Conclusion

Accordingly, Carver's claims against Defendants Rodrick Atwood, Herman Smith, and Keith Watson are dismissed for lack of jurisdiction due to Eleventh Amendment immunity and sovereign immunity.

SIGNED at Beaumont, Texas, this 21st day of January, 2021.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE